UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES MITCHELL,                                                                                      Plaintiff,

v.                                                                            Civil Action No. 3:16cv-280-DJH

FRANKLIN LAW GROUPS PSC,                                                              Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Mitchell filed this *pro se* action.  He also filed an application to proceed without the prepayment of fees (DN 3), which is **GRANTED**.  This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed the complaint on the Court's general complaint form.  In the caption, he lists Franklin Law Groups PSC as the only Defendant.  In the portion of the form where Defendants are to be listed, Plaintiff writes, "EMERGENCEY SYC Personel."  In the section of the form related to diversity jurisdiction, Plaintiff lists Defendants as "U of L Hospital" and "Commonwealth" and describes the amount in controversy as "$84. B. ATT. Host + Murder in the first Dergee."  Where the complaint form asks Plaintiff to list the specific federal statutes or constitutional provisions that are at issue in this case, Plaintiff states, "A – 153 ATT. HOSTILE TAKEOVER 3:19 + 187 Perephiala AND HOMICDE ILLEGALLY Detained 34:80[b] PLAGERIZN 17.,I[.]"

As his statement of the claim, Plaintiff states, "BROKEN foot., BROKEN BACK., BROKEN WRIST., ATT. BROKEN EY CAVITY Ileagglly Insamnating public & myself[.]" In the relief section of the complaint form, Plaintiff states, "PAID WIDTH & DIMISSAL Disorderly Persons CHARGES AS WELL TREPASSING. Relurn of PLAINTIFFS' property MORE OWE accelerg all o whom compelled."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In this case, the complaint contains no legal theories upon which a valid federal claim may rest, and the allegations are baseless. Therefore, the Court will dismiss the action on the basis of frivolousness. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The complaint also fails to meet this basic pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the

2

grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4415.010